UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK GREEN,

Plaintiff,

v.

DR. MOHYUDDIN,

Defendant.

No. 2:23-cv-1066 KJN P

ORDER

On November 29, 2023, defendant filed notice of plaintiff's death. (ECF No. 17.) For the reasons stated herein, defendant is directed to file an amended notice of death.

Federal Rule of Civil Procedure 25 establishes the procedure for moving forward with litigation after a party to a civil action has died. It provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of a proper party." Fed. R. Civ. P. 25(a).

Under Rule 25(a)(1), a party must formally suggest the death of the party upon the record and serve the nonparty representatives of the deceased party with the suggestion of death in the manner provided in Federal Rule of Civil Procedure 4 for the service of a summons. Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994). If the decedent's successor or representative do not file a motion for substitution "within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a). "The objective of 'Rule 25(a)(1) is to alert nonparties to the consequences of the death of a party in a pending

lawsuit so that they may act if they desire to preserve the decedent's claim.'" Simmons v. Pompey, 2023 WL 6612531, at *2 (E.D. Cal. Oct. 10, 2023) (quoting Gruenberg v. Maricopa Cnty. Sheriff's Off., 2008 WL 2001253, at *1 (D. Ariz. May 7, 2008)); see also Gilmore v. Lockard, 936 F.3d 857, 864 (9th Cir. 2019) ("Rule 25(a) seeks 'to inform all interested parties of [a party's] death so that they may take appropriate action.") (internal citations omitted)).

In the notice of death, defendant states that defense counsel conducted an electronic search of active probate matters on the Superior Court of California, County of San Joaquin online Registrar of Actions, but was unable to locate any probate matters in plaintiff's name. (ECF No. 17 at 1.) Defendant states that based on information provided to defense counsel by an investigator at the San Joaquin County Medical Examiner's Office, plaintiff was not married and is survived by his two children, Kimmicha Dalina Green and Jonathan Green. (Id.) Defendant does not state that he served the notice of death on plaintiff's children.

State law governs who receives a decedent's § 1983 claim. Estate of Cornejo ex rel. Solis v. City of Los Angeles, 618 Fed. Appx. 917, *919 (9th Cir. 2015) (citing 42 U.S.C. § 1988; Robertson v. Wegmann, 436 U.S. 584, 589 (1978)). Under California law, plaintiff's claim "passes to [his] successor in interest." Cal. Civ. Proc. Code § 377.30.

Plaintiff's children appear to be plaintiff's successors in interest. See Cornejo, 618 Fed. Appx. at *919. Therefore, the notice of death filed November 29, 2023, is defective because it does not contain proof of service on plaintiff's children.

Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of this order, defendant shall file an amended notice of death with proof of service on plaintiff's children.

Dated: December 1, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Green1066.ord