UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK GREEN,<br><br>             Plaintiff,<br><br>      v.<br><br>DR. MOHYUDDIN,<br><br>             Defendants. | No.  2:23-cv-1066 DJC CSK P<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

    Plaintiff, now deceased, was a state prisoner proceeding without counsel with this civil rights action pursuant to 42 U.S.C. § 1983.  For the following reasons, this Court recommends that the motion to substitute filed by Jonathan Green, plaintiff's son, be denied and that this action be dismissed.

II. Discussion

    Under Federal Rule of Civil Procedure 25, if a party to an action dies and the underlying claim is not extinguished, the Court may order substitution of a proper party.  Fed. R. Civ. P. 25(a)(1).  If the motion for substitution is not made within 90 days after service of a statement noting the death, the action by the decedent must be dismissed.  Id.  The motion must be served on parties as provided for under Rule 5 and nonparties under Rule 4.  Fed. R. Civ. P. 25(a)(3).

///

A. <u>Survivability of Claims</u>

To determine whether a cause of action survives a party's death, the Court must look to the law, state or federal, under which the cause arose. <u>See</u>, <u>e.g.</u>, <u>Bailey v. MacFarland</u>, 2020 WL 5763825, at *3 (E.D. Cal. Sept. 28, 2020). In § 1983 claims, the law of the forum state controls the survivability of claims. <u>See</u> 42 U.S.C. § 1988(a); <u>Robertson v. Wegmann</u>, 436 U.S. 584, 589-90 (1978); <u>Chaudhry v. City of Los Angeles</u>, 751 F.3d 1096, 1103 (9th Cir. 2014). In California, a cause of action is not lost by reason of a plaintiff's death but survives through the applicable statute of limitations. Cal. Code Civ. Proc. §§ 377.20(a), 377.21. Here, because the forum state is California and the only claims presented fall under § 1983, plaintiff's death did not extinguish the action. <u>See Gutierrez v. Tucker</u>, 2021 WL 5263847, at *2 (E.D. Cal. Apr. 20, 2021); <u>Wheeler v. City of Santa Clara</u>, 894 F.3d 1046, 1051-53 (9th Cir. 2018).

B. <u>90-Day Limitations Period</u>

Rule 25 requires two affirmative steps to trigger the 90-day period for the filing of a motion for substitution. E.g., <u>Gilmore v. Lockard</u>, 936 F.3d 857, 865 (9th Cir. 2019). First, a party must formally suggest the death of the party upon the record. <u>Id.</u> at 865. Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. <u>Id.</u> The 90-day period begins running on the date the notice of death is served. Fed. R. Civ. P. 25(a).

On December 29, 2023, defendant filed an amended notice of plaintiff's death. (ECF No. 23.) The amended notice states that defense counsel conducted an electronic search of active probate matters on the Superior Court of California, County of San Joaquin online Registrar of Actions, but was unable to locate any probate matters in plaintiff's name. (<u>Id.</u> at 1.) Based on information provided to defense counsel by an investigator at the San Joaquin County Medical Examiner's Office, defense counsel determined that plaintiff was not married and was survived by his two children, Kemmica Green and Jonathan Green. (<u>Id.</u>) On December 11, 2023, defendant personally served plaintiff's son, Jonathan Green, with the amended notice of death. (<u>Id.</u> at 4.) On December 5, 2023, the process server attempted to serve Kemmica Green at the

address left by plaintiff for her in Waxahachie, Texas. (Id. at 9.) Service at this address was ineffective because Kemmica Green did not reside at this address. (Id.) On December 5, 2023, the process server attempted to serve Kemmica Green at an address in Oakland, California. (Id. at 10.) Service at this address was also ineffective because Kemmica Green did not reside at this address. (Id.) Jonathan Green provided an address to the process server for Kemmica Green in Fort Worth, Texas. (Id.) From December 11, 2023 to December 15, 2023, the process server attempted to serve Kemmica Green four times at the Fort Worth, Texas address at various times of day and night. (Id. at 11.) Each time no one answered the door of the residence. (Id.) This Court finds that defendant made a reasonable attempt to serve Kemmica Green with the amended notice of death. See Mayfield v. Maxwell, 2018 WL 3539467, at *1-2 (M.D. Tenn. July 23, 2018) (defendant made good faith effort to locate deceased pro se prisoner plaintiff's successors for purpose of serving statement noting death); Jackson v. Rowlett, 2007 WL 397114, at *3 (E.D. Cal. Jan. 31, 2007) (ordering defense counsel to make reasonable investigation to ascertain defendant decedent's successor or representative for purposes of serving suggestion of death in case where plaintiff is a pro se prisoner).

Based on the record discussed above, this Court finds that Kemmica Green and Jonathan Green had 90 days from the filing of the amended notice of plaintiff's death on December 29, 2023, i.e., until March 28, 2024, to file a motion for substitution.

### C. Proper Party

For the following reasons, this Court finds that the motion for substitution filed by Jonathan Green on June 26, 2024 is untimely and fails to meet at least one of the requirements for bringing a survival action under California law.

The Court may only order substitution of a proper party under Rule 25. See Fed. R. Civ. P. 25(a)(1). The party seeking substitution in a survival action shoulders the burden of demonstrating that a particular state's law authorizes a survival action and that the party meets that state's requirements for bringing the action. Hayes v. County of San Diego, 736 F.3d 1223, 1228-29 (9th Cir. 2013).

In California, an action that survives the death of a party entitled to bring the action passes

3

to decedent's successor in interest, subject to California's Probate Code. Cal. Code. Civ. Proc. § 377.30. An action may be initiated by a decedent's personal representative or, if there is no personal representative, by the decedent's successor in interest. Id. Accordingly, if "there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action." Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006) (citing Cal. Code Civ. Proc. §§ 377.20, 377.32.) A decedent's "'personal representative' is the person or firm appointed by the probate court to administer the probate of a decedent's estate." Cotta v. County of Kings, 79 F. Supp. 3d 1148, 1158 (E.D. Cal. 2015) (quoting Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore, 162 Cal. App. 4th 1331, 1340 (2008)). A decedent's "successor in interest" is "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Code Civ. Proc. § 377.11. California's probate code mandates that an entire intestate estate passes to the decedent's issue if there is no surviving spouse. Cal. Prob. Code § 6402(a).

In addition, California's Code of Civil Procedure provides that:

> (a) The person who seeks to commence an action or proceeding or to continue a pending action or proceeding as the decedent's successor in interest under this article, shall execute and file an affidavit or a declaration under penalty of perjury under the laws of this state stating all of the following:
>
> (1) The decedent's name.
>
> (2) The date and place of the decedent's death.
>
> (3) "No proceeding is now pending in California for administration of the decedent's estate."
>
> (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.
>
> (5) Either of the following, as appropriate, with facts in support thereof:
>
> > (A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."

          (B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."

     (6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."

     (7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."

  (b) Where more than one person executes the affidavit or declaration under this section, the statements required by subdivision (a) shall be modified as appropriate to reflect that fact.

  (c) A certified copy of the decedent's death certificate shall be attached to the affidavit or declaration.

Cal. Civ. Proc. Code § 377.32.

       On February 5, 2024, Kemmica Green and Jonathan Green filed a letter addressed to the Clerk of the Court, docketed as "Notice of Substitution." (ECF No. 24.) The letter, signed by both Kemmica Green and Jonathan Green, requested that the instant action be "transferred" to Kemmica Green and Jonathan Green. (Id.) The letter requested that Kemmica Green and Jonathan Green be granted access to all pleadings related to the instant action. (Id.)

       On February 23, 2024, the Court filed an order granting Kemmica Green and Jonathan Green until March 28, 2024 to file a motion for substitution. (ECF No. 25.) In this order, the Court advised Kemmica Green and Jonathan Green of the legal standards regarding motions for substitution including the requirements of the declaration required by California Civil Procedure Code § 377.32, set forth above. (Id. at 2-4.) This order also advised Kemmica Green and Jonathan Green how to access the court's record in this case via PACER. (Id. at 4.) The Clerk of the Court served the February 23, 2024 order on Kemmica Green and Jonathan Green at the addresses provided in their February 5, 2024 letter. (Id. at 4.)

       Kemmica Green and Jonathan Green did not, however, file a motion for substitution on or before March 28, 2024. Accordingly, on April 19, 2024, this Court recommended that this action be dismissed. (ECF No. 28.) On May 7, 2024, Jonathan Green filed a motion for extension of

5

1   time to file objections to the April 19, 2024 findings and recommendations.  (ECF No. 29.)  On
2   May 14, 2024, this Court granted Jonathan Green an extension of thirty days to file objections to
3   the April 19, 2024 findings and recommendations.  (ECF No. 30.)  On June 14, 2024, the May 14,
4   2024 order served on Kemmica Green was returned unserved.

5           On June 26, 2024, Jonathan Green filed the pending motion for substitution,[1] almost three
6   months late.  (ECF No. 33.)  On July 2, 2024, this Court vacated the April 19, 2024 findings and
7   recommendations and granted defendant twenty-one days to file a response to Jonathan Green's
8   motion for substitution.  (ECF No. 34.)  Twenty-one days passed and defendant did not file a
9   response.  Nevertheless, this Court considers the merits of the motion for substitution.

10          As stated above, Federal Rule of Civil Procedure 25(a) provides that if a motion for
11  substitution is not made within 90 days after service of a statement noting the death of a party, the
12  action by or against the decedent must be dismissed.  "Dismissal is not mandatory, despite the use
13  of the word 'must' in the amended rule."  Lal v. California Department of Corrections and
14  Rehabilitation, 2023 WL 4680929, at *1 (C.D. Cal. Mar. 21, 2023).  "This 90-day deadline may
15  be extended by Rule 6(b), including after its expiration if the party failed to act due to 'excusable
16  neglect.'"  Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1094 (9th Cir. 2017) (citing Fed.
17  R. Civ. P. 6(b)).  "Rule 6(b) 'works in conjunction with Rule 25(a)(1) to provide the intended
18  flexibility in enlarging the time for substitution.'"  Id. (quoting Zeidman v. Gen. Accident Ins.
19  Co., 122 F.R.D. 160, 161 (S.D.N.Y. 1988)).  Rule 6(b) permits the court to extend the Rule 25
20  90-day period for good cause with or without motion.  Lal, 2023 WL 4680929, at *1 (citing Fed.
21  R. Civ. P. 6(b)(1)(A)).

22          Jonathan Green's motion for substitution was filed more than 90 days after service of the
23  amended notice of death.  Therefore, Jonathan Green must show good cause or excusable neglect
24  for his untimely motion.  The motion for substitution does not address why Jonathan Green did
25  not file a timely motion for substitution.  This Court observes that in his May 7, 2024 motion for
26  extension of time to file objections to the April 19, 2024 findings and recommendations, Jonathan

---

[1] While the motion for substitution is purportedly made on behalf of Kemmica Green and Jonathan Green, the motion for substitution is signed by Jonathan Green only.  (ECF No. 33 at 2.)

Green stated,

> …due to its complexity and my limited understanding of legal procedures, I require additional time to properly comprehend and understand the matter. The legal terminology and requirements involved in the paperwork are unfamiliar to me and I believe that with more time and assistance, I will be able to provide a comprehensive objection.
>
> Furthermore, I wish to include my sister, Kemmika Green, as a party to this case as she also has a vested interest in the outcome and has the right to participate in the proceedings. Inclusion of Kemmika Green is crucial to ensuring that all relevant parties are properly represented and that justice is served.

(ECF No. 29 at 1.[2])

While this Court appreciates that Jonathan Green is not a lawyer, this Court observes that Jonathan Green's motion for substitution contains a declaration that mirrors the requirements for a declaration in support of a motion for substitution as required by California Civil Procedure Code § 377.32(a). Critically, Jonathan Green does not explain how his lack of legal training caused him to disregard the Court's February 23, 2024 Order that provided a clear deadline of March 28, 2024 to file a motion for substitution and instead, to file his motion three months late. Jonathan Green fails to explain why he was unable to file this declaration on or before March 28, 2024 despite receiving clear instructions regarding the requirements for this declaration in the February 23, 2024 Order. For these reasons, this Court finds that Jonathan Green fails to show good cause or excusable neglect for his untimely motion for substitution. Accordingly, the motion for substitution should be denied as untimely.

In addition, this Court recommends that the motion for substitution be denied for failing to include a certified copy of plaintiff Frank Green's death certificate, as required by California Civil Procedure Code § 377.32(c) and as explained in the February 23, 2024 Order.[3]

Accordingly, IT IS HEREBY RECOMMENDED that:

---

[2] Although Jonathan Green refers to his sister as Kemmika Green in the request for extension of time, it appears that the correct spelling of his sister's name is Kemmica Green. (See ECF No. 24.)

[3] Because this Court recommends that the motion for substitution be denied, this Court need not address whether Jonathan Green may proceed with this action as the sole successor in interest.

1. The motion for substitution (ECF No. 33) be denied; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 31, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Green1066.dis

2