UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK GREEN,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. MOHYUDDIN,<br><br>    Defendant. | No.  2:23-cv-01066-DJC-CSK-P<br><br><br>ORDER |

     Plaintiff, now deceased, was a state prisoner proceeding pro se with this civil rights action seeking relief under 42 U.S.C. Section 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. Section 636(b)(1)(B) and Local Rule 302.

     On July 31, 2024, the Magistrate Judge filed Findings and Recommendations herein which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within fourteen days.  (F. & R. (ECF No. 36).)  In the Findings and Recommendations, the Magistrate Judge recommended that the motion for substitution be denied for being untimely and for not being compliant with requirements in California Civil Procedure Code Section 377.32(c).  (*See* F.& R. at 6–8.)  It was also recommended that the action be dismissed.  (*See id.* at 8.)  Plaintiff's son, Jonathan Green, filed timely objections to the

1

1    Findings and Recommendations. (Obj. (ECF No. 37).)

2        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule
3    304, this Court has conducted a de novo review of this case. *See United States v.*
4    *Reyna-Tapia,* 328 F.3d 1114, 1116 (9th Cir. 2003). Having carefully reviewed the
5    entire file, the Court finds the findings and recommendations to be supported by the
6    record and by the Magistrate Judge's analysis.

7        While the Court is sympathetic to the difficulty pro se parties face in litigating
8    their cases, the Magistrate Judge in this case set out the requirements for a
9    substitution that complied with state law, and provided additional time for the parties
10   to file the appropriate substitution. (ECF No. 25.) The parties requesting substitution
11   did not timely comply with that Order or request additional time to do so. While the
12   Court is cognizant that dismissal is not mandatory for failure to timely file a motion for
13   substitution following the death of a party, *Zanowick v. Baxter Healthcare Corp.,* 850
14   F.3d 1090, 1094 (9th Cir. 2017) (citations omitted), the parties requesting substitution
15   have not shown good cause in this case, either in their second motion to substitute
16   filed four months after the extended deadline set by the Magistrate Judge (ECF No.
17   33) or in the objections to the findings and recommendations (ECF No. 37).

18       Accordingly, IT IS HEREBY ORDERED that:
19       1. The findings and recommendations (ECF No. 36) are adopted in full;
20       2.  The motion for substitution (ECF No. 33) is denied;
21       3. This action is dismissed; and
22       4. The Clerk of the Court is directed to close this case.

         IT IS SO ORDERED.

25   Dated:  **February 20, 2025**

         *[signature]*
         Hon. Daniel J. Calabretta
         UNITED STATES DISTRICT JUDGE